IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| **PEDERNAL PROPERTIES, LLC,** ) | |
| ) | |
| **Plaintiff,** ) | |
| ) | |
| v. ) | Case No.   22-CV-151-TCK-CDL |
| ) | |
| **MARSH USA, INC.; and MARKEL AMERICAN** ) | |
| **INSURANCE COMPANY** ) | |
| ) | |
| **Defendants.** ) | |

**OPINION AND ORDER**

Before the Court is Marsh USA, Inc.'s ("Marsh") Motion to Dismiss filed pursuant to Federal Rule of Civil Procedure 12(b)(6) (Doc. 16), Plaintiff's Response (Doc. 18), and Marsh's Reply. (Doc. 19).

**I. BACKGROUND**

Marsh is an insurance broker in the business of procuring insurance policies for its clients in the marketplace. Pedernal Properties, LLC ("Pedernal") was Marsh's client. As part of their relationship, in approximately February 2021, Marsh procured a property insurance policy from Markel American Insurance Company ("Markel"), naming Pedernal as the insured. Sometime after Markel issued the policy, Pedernal suffered a loss and submitted a claim to Markel for payment pursuant to the policy terms. Markel denied that the policy covered the claim and refused payment to Pedernal. Pedernal then filed the instant case against Markel in pursuit of proceeds under the Policy, seeking to have the claim covered by Markel alleging breach of contract and bad faith in its handling of the claim.

Pedernal also alleges Marsh omitted certain information from Markel in connection with the property which Pedernal sought to have insured by the policy. Pedernal claims that Marsh's

alleged omission contributed to Markel's denial of the claim. Pedernal seeks damages from Marsh for negligence.

Marsh contends an insured like Pedernal cannot pursue both a coverage determination in an action against its insurer while also seeking recovery against the broker who procured the policy. "Unless and until the litigation against the insurer is final, and an insured's remaining damages, if any, are known with certainty and not merely speculative, an insured cannot maintain a claim against its broker." (Doc. 16, at 4). Pedernal, however, alleges that it may plead two claims, even if one of them is contingent on the disposition of the other. (Doc. 18 at 2), citing Fed.R.Civ.P. 18(b).

**II. MOTION TO DISMISS STANDARD**

A Complaint must contain "a short and plain statement of the claim, showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). A Complaint must contain enough "factual matters, accepted as true, to state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009); *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Iqbal*, 556 U.S. at 678 (citations omitted). The trial court must insist the plaintiff put forward specific, non-conclusory factual allegations, to assist the court in determining whether the complaint is plausible. *Robbins v. Oklahoma*, 519 F.3d 1242, 1249 (10th Cir. 2008). The mere metaphysical possibility that some plaintiff could prove some set of facts in support of the pleaded claims is insufficient; the complaint must give the court reason to believe [the] plaintiff has a reasonable likelihood of mustering factual support for [the] claims." *Id.* at 1247.

"The nature and specificity of the allegations required to state a plausible claim will vary based on the context." *Kansas Penn Gaming, LLC v. Collins*, 656 F.3d 1210, 1215 (10th Cir. 2011). A plaintiff is not entitled to file a bare bones complaint and fill in the necessary facts after discovery is complete. *London v. Beaty*, 612 Fed. Appx. 910, 916 (10th Cir. 2015). The trial court must insist that the plaintiff put forward specific, non-conclusory factual allegations, to assist the court in determining whether the complaint is plausible. *Robbins*, 519 F.3d at 1249.

In ruling on a motion to dismiss, the court must always accept the plaintiff's well-pleaded facts as true and construe them in the light most favorable to the plaintiff. *Archuleta v. Wagner*, 523 F.3d 1278, 1283 (10th Cir. 2008); *Hogan v. Winder*, 762 F.3d 1096, 1104 (10th Cir. 2014). Under this standard, a complaint may not be dismissed on the grounds that the court thinks it unlikely that the allegations can be proven. *Twombly*, 127 S.Ct. at 1974; *Spradlin v. City of Owasso*, 2014 WL 1664974 *2 (N.D.Okla.) (holding that "a well-pleaded complaint may proceed even if actual proof of those facts seems improbable, and that a recovery is very remote and unlikely"). Indeed, "it is well established that a complaint should not be dismissed for failure to state a claim unless it appears beyond doubt that the plaintiff can prove no set of facts in support of the claim which would entitle plaintiff to relief." *Issa v. Comp USA*, 354 F.3d 1174, 1177-78 (10th Cir. 2003); citing *Hall v. Bellmon*, 935 F.2d 1106, 1109 (10th Cir. 1991).

**III. ANALYSIS**

Marsh contends that a negligence claim against a broker relating to an insurance policy does not accrue until after resolution of coverage litigation against the insurance company that issued the policy. "Otherwise, the damages are speculative and not actionable. Until this Court

3

resolves Count I against Markel, no claim against Marsh can accrue, and Pedernal is specifically precluded from bringing this lawsuit against Marsh as a matter of Oklahoma law." (Doc. 16 at 4).

Oklahoma law does provide that Pedernal's claim against Marsh, as its broker, cannot accrue until after resolution of the claim against Markel. *Cabinet Sols., L.L.C. v. Kelley*, 288 P.3d 254, 256-258 (Okla.Civ.App. 2012). However, the Federal Rules of Civil Procedure govern the mode of a civil action after it is removed from state court[1], and Fed.R.Civ.P. 18(b) does not preclude Pedernal from asserting its negligence claim against Marsh. Fed.R.Civ.P. 81(c) specifically provides that contingent claims are permissible. "A party may join two claims even though one of them is contingent on the disposition of the other…" *Id.*

Further, the statute of limitation period for Pedernal's negligence claim is two years. Okla. Stat. tit. 12, § 95(A)(3). A negligence claim accrues when any injury to a plaintiff for which an action could proceed is certain, *Cabinet Solutions, LLC v. Kelley*, 288 P.3d 254, 257 (Okla. Civ. App. 2012), and she knew or in the exercise of reasonable diligence should have known of the injury. *Builders, Digital Design Group, Inc. v. Info Inc.*, 24 P.3d 834, 841 (Okla. 2001). The requirement of "certainty" applies only to the *fact* of damages, *not the amount. Id.* Whether the discovery rule applies to certain professional negligence actions is a judicial determination made on a case-by-case basis. *Castens v. Conseco Life Ins. Co.,* 2012 WL 610001, at *3. Therefore, Pedernal's negligence cause of action against Marsh, as its broker, could be subject to a statute of limitations argument later in the proceedings if Marsh were not included in the Complaint at this time. *Id.*

---

1 This case was removed from the District Court for Tulsa County, Oklahoma on April 1, 2022. (Doc. 2).

Accordingly, Marsh's Motion to Dismiss is denied.

**IT IS SO ORDERED**, this 16th day of November, 2022.

TERENCE C. KERN
United States District Judge