IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| PEDERNAL PROPERTIES, LLC,<br><br>   Plaintiff,<br><br>v.<br><br>MARSH USA, INC. et al.,<br><br>   Defendants. | Case No. 22-CV-00151-SEH-MTS |

**OPINION AND ORDER**

Before the Court is Plaintiff Pedernal Properties, LLC's ("Pedernal") Motion to Join Additional Party/Rename Plaintiff. [ECF No. 62]. Defendant Markel American Insurance Company ("MAIC") filed a response. [ECF No. 66]. Pedernal did not file a reply. For the reasons set forth below, the motion is denied.

**I. Discussion**

  **A. Pedernal Fails to Show Good Cause to Amend Its Pleading or Join an Additional Party After the Scheduling Order Deadline.**

Pedernal seeks "leave to join as an additional Plaintiff/rename Plaintiff herein," and more specifically, it asks to "be allowed to add Flint Resources Company, LLC, as a named Plaintiff here or rename Plaintiff pursuant to" a merger of Pedernal and Flint Resources Company, LLC. [ECF No. 62 at 1, 3]. Pedernal's request, filed on January 5, 2024, comes almost a year after the

scheduling order deadline to join additional parties or amend pleadings. [ECF No. 29] (listing the "Motions to Join or Amend" deadline as January 25, 2023).[1] Therefore, the Court construes Pedernal's motion as one seeking an extension of the scheduling order deadline to join additional parties or amend pleadings. *See Venver, S.A. v. GEFCO, Inc.*, No. CIV-18-790-SLP, 2020 WL 13582570, at *1 (W.D. Okla. Feb. 28, 2020).

A party seeking leave to join additional parties or amend a pleading after the deadline set in a scheduling order must show good cause for doing so. *Gorsuch, Ltd., B.C. v. Wells Fargo Nat. Bank Ass'n*, 771 F.3d 1230, 1241 (10th Cir. 2014);[2] *Velazquez v. Helmerich & Payne Int'l Drilling Co.*, No. 15–CV–0017–CVE–TLW, 2016 WL 379248, at *5 (N.D. Okla. Jan. 29, 2016) (applying *Gorsuch* and the good cause standard in the context of a defendant seeking leave to join parties and allege counterclaims).

The good cause requirement comes from Fed. R. Civ. P. 16(b)(4), which provides that a scheduling order "may be modified only for good cause and with the judge's consent." This generally requires "the movant to show the

---

[1] Although the Court entered an amended scheduling order on December 22, 2023, [ECF No. 58], that order shows the deadline to file a motion to join or amend as "Closed."

[2] The Court acknowledges that with respect to motions to amend a pleading filed after the deadline, the moving party must also meet the requirements of Fed. R. Civ. P. 15. *Gorsuch, Ltd., B.C.*, 771 F.3d at 1240. However, the Court finds the good cause issue dispositive, so it will not address the Rule 15 requirements.

'scheduling deadlines cannot be met despite [the movant's] diligent efforts.'" *Gorsuch, Ltd., B.C.*, 771 F.3d at 1240 (citation omitted). It is the moving party's burden to give an "adequate explanation for any delay." *Tesone v. Empire Marketing Strategies*, 942 F.3d 979, 988 (10th Cir. 2019). Trial courts have broad discretion to determine whether good cause is shown, but factors to consider can include the diligence of the party seeking the modification, the foreseeability and fault for needing more time, and whether denial would "create a substantial risk of unfairness" to the moving party. *Id.* (citation omitted). Prejudice to the opposing party is also relevant. *Id.*

Pedernal argues that MAIC "has raised at this late date that the insured under its Markel American policy is Flint Resources Company, LLC, and not the Plaintiff in this case, Pedernal Properties, LLC." [ECF No. 62 at 1]. Pedernal acknowledges that its motion comes after the scheduling order deadline to join additional parties, but it asserts the motion "comes timely after [MAIC] has raised the issue as to the real party in interest." [*Id.* at 2]. MAIC responds that it put Pedernal on notice of these issues in its answer and two joint status reports. Therefore, according to MAIC, "[t]here is no good cause to modify the long passed deadline regarding joinder." [ECF No. 66 at 5]. The Court agrees with MAIC because the record demonstrates that Pedernal had ample opportunity to join another party, amend the operative

3

pleading, or otherwise seek the relief it now asks for, but it unreasonably delayed in doing so.

Pedernal initiated this action on February 28, 2022, in the District Court of Tulsa County, State of Oklahoma. [ECF No. 2-1 at 4]. In its petition, Pedernal specifically identified the policy number it claimed to be covered by. [*Id*. at 6]. The case was removed to this Court and MAIC answered the petition on April 11, 2022. [ECF No. 13]. Just as MAIC highlights in its response, it stated that the policy identified by Pedernal in the petition was issued to "Flint Resources Company, LLC," and it asserted an affirmative defense that Plaintiff Pedernal Properties, LLC "lacks standing." [*Id*. at 2–3]. These issues were also specifically raised by MAIC in two joint status reports filed on May 2, 2022, and December 1, 2022. [ECF No. 17 at 1–2; No. 28 at 1–2].

The Court then entered a scheduling order on December 28, 2022, which set a deadline for motions to join or amend on January 25, 2023. [ECF No. 29]. Therefore, starting with the date MAIC filed its answer, Pedernal had more than nine months to file a motion to join or amend. Rather than diligently seeking relief, Pedernal filed its motion to join an additional party or rename on January 5, 2024 [ECF No. 62], almost a *full year after the deadline.*

The good cause factors weigh against Pedernal. First, Pedernal was not diligent. MAIC put Pedernal on notice of these issues as early as April 11, 2022 when it filed its answer. Pedernal waited until nearly a year and nine months later, and after two more filings containing the same information, to seek relief. Second, this issue was foreseeable, and fault lies entirely on Pedernal. Pedernal argues that MAIC is asserting its defense "at this late date," [ECF No. 62 at 1], but the record reflects exactly the opposite. Pedernal identified the specific policy number in its petition, and MAIC raised these issues in its answer, thus meaning it must have known what entity the named insured was. It is also entirely foreseeable that an insurer would oppose a claim brought by an entity that is not the named insured. Third, there is not a substantial risk of unfairness to Pedernal. While it is certainly possible that Pedernal could be prejudiced if it cannot join an additional party or re-name itself, any prejudice is not unfair because it is self-inflicted. Finally, MAIC would likely be prejudiced if the Court granted Pedernal's motion because substitution or joinder would come after the discovery and dispositive motion deadlines have already passed.

For the reasons explained above, Pedernal has not shown good cause to extend the deadline for it to amend its pleading by renaming itself or join an additional party. Therefore, the motion is denied.

## B. **Pedernal Has Not Established that Joinder under Rule 17 is Appropriate.**

Pedernal relies on Fed. R. Civ. P. 17 to say it is entitled to joinder. In relevant part, that rule provides: "The court may not dismiss an action for failure to prosecute in the name of the real party in interest until, after an objection, a *reasonable time* has been allowed for the real party in interest to ratify, join, or be substituted into the action." Fed. R. Civ. P. 17(a)(3) (emphasis added).

However, "[t]he advisory committee's notes instruct that Rule 17(a)(3) 'is intended to prevent forfeiture when determination of the proper party to sue is difficult or when an understandable mistake has been made.' … Thus, in determining whether or not it is appropriate to substitute a party as the real party in interest under Rule 17(a)(3), a Court must 'focus primarily on whether [the party seeking substitution] engaged in deliberate tactical maneuvering (i.e. whether his mistake was "honest"), and on whether the [opposing party] was prejudiced thereby.'" *Dollar Rent A Car, Inc. v. Westover Car Rental, LLC*, No. 17-CV-0628-CVE-FHM, 2018 WL 3420814, at *5 (N.D. Okla. July 13, 2018) (internal citation omitted) (quoting *Esposito v. United States*, 368 F.3d 1271, 1276 (10th Cir. 2004)).

Pedernal argues that "[a]lthough this motion comes after the date for joinder of additional parties, it comes timely after [MAIC] has raised the

6

issue as to the real party in interest." [ECF No. 62 at 2]. For the reasons explained above, Pedernal had more than enough time to seek leave to join the named insured. The Court does not go as far as to find that Pedernal made any kind of intentional tactical maneuvers. But its delay in seeking this relief defies the Court's understanding, especially given that Pedernal must have known that Flint Resources Company, LLC is the entity named in the insurance policy it cited in its petition. Given the record before the Court, Pedernal's failure to seek relief in a more timely manner is "simply not the type of understandable or honest mistake[] that Fed. R. Civ. P. 17(a)(3) is meant to remedy." *Dollar Rent A Car, Inc.*, 2018 WL 3420814, at *5. MAIC would also be prejudiced for the reasons explained above.

    Additionally, Pedernal does not provide the Court with enough information about the merger between it and Flint Resources Company, LLC that would justify relief. In the motion, Pedernal simply states as follows: "Plaintiff also notes that in 2023 it merged with Flint Resources Company, LLC, so the two are now but a single entity. 18 O.S. § 2054(F)." [ECF No. 62 at 3]. Pedernal does not explain how this impacts the question of whether relief should be given under Rule 17, and the Court will not make arguments on its behalf.

7

## II. Conclusion

For the reasons set forth above, Pedernal's Motion to Join Additional Party/Rename Plaintiff, [ECF No. 62], is DENIED.

DATED this 21st day of November, 2025.

_____
Sara E. Hill
UNITED STATES DISTRICT JUDGE