IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OKLAHOMA

PEDERNAL PROPERTIES, LLC,

    Plaintiff,

v.

MARSH USA, INC. et al.,

    Defendants.

Case No. 22-CV-00151-SEH-MTS

## OPINION AND ORDER

Before the Court is Defendant Markel American Insurance Company's ("MAIC") motion in limine. [ECF No. 52]. MAIC seeks an order precluding Plaintiff Pedernal Properties, LLC ("Pedernal") from introducing three categories of evidence during trial: (1) "extrinsic evidence … for the purpose of seeking to create coverage under the insurance policy issued to Flint Resources Co., LLC;" (2) arguments "that defendant Marsh USA, Inc. ("Marsh") was somehow MAIC's agent;" and (3) arguments that Plaintiff is entitled to punitive damages. [*Id.* at 1]. Upon due consideration, the Court makes the following findings.

First, MAIC requests to "exclude any and all such extrinsic evidence from the trial of this matter." [ECF No. 52 at 3]. Although MAIC points to general types of communications it seeks to exclude, it has not put forward any specific communications for the Court's consideration. That alone is reason

enough to deny the motion. *Tulsa Zoo Management, Inc. v. Peckham Guyton Albers & Viets, Inc.*, No. 17-CV-644-GKF-FHM, 2019 WL 1562147, at *2 (N.D. Okla. Mar. 5, 2019). Without the benefit of the surrounding context of the other evidence admitted during trial, the Court cannot definitively say that the communications MAIC seeks to exclude must necessarily be excluded. It is also possible that evidence could be subject to a proper limiting instruction. MAIC's motion to exclude such extrinsic evidence is denied without prejudice to re-asserting this position at trial.

Second, MAIC seeks to prohibit Pedernal from making arguments that Marsh was MAIC's agent. MAIC does not identify any evidence with particularity, so the Court does not have sufficient information to make a ruling. *Id.* It is also possible that evidence could be subject to a proper limiting instruction. MAIC's motion to exclude arguments about agency is denied without prejudice to re-asserting this position at trial.

Third, MAIC seeks to prohibit Pedernal from arguing that it is entitled to punitive damages. Again, MAIC does not identify any evidence with particularity, so the Court does not have sufficient information to make a ruling. *Id.* It is also possible that evidence could be subject to a proper limiting instruction. MAIC's motion to exclude arguments about punitive damages is denied without prejudice to re-asserting this position at trial.

DATED this 21st day of November, 2025.

                                                Sara E. Hill
                                                UNITED STATES DISTRICT JUDGE